IN THE UNITED STATES DISTRICT COURT

WESTERN DIVISION OF ARKANSAS

FAYETTEVILLE DIVISION

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
MAR 1 0 2015
CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

MARCIO A. DE OLIVEIRA                                    PLAINTIFF

VS                          FILE NO: 15-5064-PKH

HERBERT C. SOUTHERN, individually and

THE LAW FIRM OF HERBERT C. SOUTHERN, and

JOHN DOE

## CIVIL COMPLAINT FOR PROFESSIONAL MALPRACTICE, FRAUD, BREACH OF CONTRACT AND EQUITABLE REMEDIES

COMES NOW Plaintiff Marcio A. De Oliveira by and through his attorney Milton A. DeJesus and for his Complaint against Defendant Herbert C. Southern states:

1. Plaintiff Marcio A. De Oliveira is over the age of eighteen (18) and is a resident of North Carolina;

2. At all relevant times herein, Defendant Herbert C. Southern, individually and as the Law Firm of Herbert C. Southern, (herein collectively referred to as the "Defendant Herbert C. Southern") was a law firm comprised of Herbert C. Southern, an attorney licensed to and conducting a law practice in the state of Arkansas and resides in Arkansas.

3. Upon information and belief, at all relevant times Defendant Herbert C. Southern had his principal place of business in the City of Fayetteville, Washington County, Arkansas

4. Defendant Herbert C. Southern and the Law Firm of Herbert C. Southern are in the business of representing persons and or businesses in civil and criminal legal proceedings;

5. Defendant Herbert C. Southern is over the age of eighteen (18);

6. All of the events giving rise to the claim herein occurred in this judicial district;

## JURISDICTION

This civil action involves individuals who reside in different states and the amount in controversy exceeds $75,000.00 therefore jurisdiction is vested in this Honorable Court pursuant to 28 U.S.C. Art. 1332, Diversity Jurisdiction.

## VENUE

7. Pursuant to 28 U.S.C. Art. 1391(a) (b) (2) a civil action may be brought in any United States District Court in which a substantial part of the event or omissions giving rise to the claim occurred. As all of the events complained herein arose in this district, venue is proper.

## FACTS

8. On or about March 27, 2009 Plaintiff was arrested in Arkansas and indicted in the United States District Court, Western District of Arkansas, Fayetteville Division (CR No. 09-50035) on April 22, 2009 for employment related immigration law violations;

9. On or about the month of April 2009 Plaintiff hired and engaged Defendant Herbert C. Southern to represent him in these criminal proceedings to provide criminal defense services;

10. Defendant Herbert C. Southern held himself out as a competent criminal defense attorney and as knowledgeable of the elements comprising the offense and the type and nature of evidence required to sustain and defend these charges;

11. Defendant Herbert C. Southern demanded a significant up-front payment of his attorney fees based on the asserted competence;

12. Upon payment of said attorney fees the attorney-client relationship was formed and a contract was created between Plaintiff and Defendant Herbert C. Southern for competent legal services;

13. Plaintiff relied on these representations, engaged the services of Mr. Herbert C. Southern to act as his attorney at law and followed the advice given to his detriment in that he suffered both a financial loss and the loss of his liberty and immigration status;

14. Trial on said indictment was scheduled for August 31, 2009 however prior thereto Defendant Herbert C. Southern engaged in plea negotiations with the prosecution culminating in written plea agreement to two counts of harboring illegal aliens;

15. On August 28, 2009 Defendant Herbert C. Southern appeared in court claiming competence and acting as the attorney for the Plaintiff counseled and prompted the Plaintiff to admit guilt to the 2 count felony information as contained in the plea agreement;

16. Defendant Herbert C. Sothern's actions as a defense counsel were grossly negligent and his defense and representation of the Plaintiff was seriously ineffective in the following manner:
    a. Misunderstanding the required elements comprising the offense;
    b. Failing to research the law to gain knowledge of the legal elements of the offense;
    c. Failing to review the evidence in light of the legal elements of the offense;
    d. Misapprehending the level and type of evidence required to meet the legal elements of the offense;
    e. Misapprehending the level and type of evidence required to sustain the charges in the indictment;
    f. Articulating to Plaintiff the wrong legal element, that Plaintiff "knew or should have known" when in fact the element is "knew or acted in reckless disregard…"
    g. Counseling Plaintiff to admit guilt based on the attorney's ignorance of the law;
    h. Binding the Plaintiff to an inaccurate plea of guilty based on the attorney's ignorance of the law.

17. Plaintiff Marcio A. De Oliveira was convicted subsequent to the defective guilty plea on February 01, 2010 and sentenced to fifty one (51) months in federal prison, although reduced on appeal to thirty three (33) months; upon completion of his federal prison sentence Plaintiff remained in detention under an immigration detainer by US D.H.S. I.C.E. until released by the U. S. District Court in July of 2014.

18. The conviction and incarceration wrecked Plaintiff's marriage which ended in a divorce;

19. Plaintiff additionally suffered the loss of intimate and frequent contact with his son of tender age, Mitchell De Oliveira who was 3 years old when his father, the Plaintiff was incarcerated.

20. Plaintiff also suffered the loss of his business MOLINK, Inc., and all of the business assets including, tools, equipment, machinery, vehicles, and receivables;

21. During the period of incarceration Plaintiff lost the opportunity to complete the processing of his immigration applications and therefore lost his permanent residence status in the U. S.

22. Plaintiff suffered incarceration for a period of approximately 4.5 years;

23. While incarcerated in federal prison, Plaintiff commenced a 28 U. S. C. 2255 action to secure the vacation of his conviction and a new trial based on the "ineffective assistance of counsel";

24. On the 3rd of September 2013 the Honorable Erin L. Setser, Magistrate Judge for the United States District Court, Western District of Arkansas, Fayetteville Division, convened a hearing on the "ineffective assistance of counsel" allegations filed by Plaintiff; said hearing consumed three days of testimony, evidence and legal argument;

25. Defendant Herbert C. Southern participated in said hearings and was supported by several of his witnesses and asserted his denial of rendering "ineffective assistance of counsel".

26. Defendant Herbert C. Southern continued to deny his malpractice up to the date of the 28 U.S.C. 2255 evidentiary hearing, commencing on September 03, 2013.

27. At the conclusion of said hearing the Honorable Erin L. Setser took the matter under advisement and after analysis, review of the transcript and legal research issued a recommendation on March 20, 2014 that the conviction be vacated and a new trial be commenced based on the ineffective assistance rendered by Defendant Herbert C. Southern;

28. On the 24th of June, 2014 the Honorable Timothy L. Brooks, United States District Judge, United States District Court, Western District of Arkansas, Fayetteville Division issued his ruling and Order adopting the recommendations of the Magistrate Judge, ordering vacation of guilty plea and sentencing and setting the matter for trial;

29. the United States Attorney declined to appeal the Order and subsequently dismissed the case against the Plaintiff; The Order of Dismissal was executed on July 22, 2014;

30. Plaintiff is currently out of detention under an immigration personal recognizance bond while he continues through the immigration process as he must seek administrative relief and regain his Lawful Permanent Residence status through the immigration courts.

31. Plaintiff is currently awaiting authority from the Immigration Service to accept offered employment; since his immigration status cannot be clarified until upcoming immigration court hearings he is prohibited from accepting employment and therefore continues to eke out an existence.

## **LEGAL MALPRACTICE**

32. Plaintiff incorporates by reference paragraphs 1 through 31 above and further alleges that Defendant Herbert C. Southern and his law firm was engaged by Plaintiff to represent Plaintiff in these criminal proceedings brought by the United States and that the Defendant had a duty to provide Plaintiff with competent, reasonable and effective legal representation and advice as required by the applicable standard of care for attorneys acting under same or similar circumstances,

33. Plaintiff further alleges that the Defendant Herbert C. Southern and his law firm was negligent by breaching the duties to Plaintiff to provide to the Plaintiff the competent reasonable and appropriate legal representation Plaintiff was entitled to under the circumstances.

34. Plaintiff further alleges that the Defendant Herbert C. Southern and his law firm was negligent and breached the duties owed to the Plaintiff; further Defendant Herbert C. Southern failed to meet the standard of care owed by reasonable and competent practitioners under the circumstances, including but are not limited to:

    a. Failure to provide effective assistance of counsel;

    b. Failure to know the applicable law;

    c. Failure to apprise himself of the legal elements of the offense as charged;

    d. As a result of his ignorance of the legal elements of the offense he failed to adequately prepare for trial;

    e. As a consequence of the foregoing he failed to prepare an adequate defense;

    f. As a consequence of the foregoing he failed to recognize the level of evidence required by the prosecution to sustain and prove the salient elements of the charge;

    g. Counseling Plaintiff to admit certain facts which were inaccurate;

    h. Accepting for and binding the Plaintiff to certain facts which were inaccurate;

    i. Negligently explaining to the Plaintiff the elements required to support the guilty plea;

    j. Failing to provide Plaintiff with the skill and care commensurate with that generally afforded by other competent counsel in the community;

    k. Failing to act as a reasonable and prudent attorney under the circumstances;

    l. Performing below the standard of care owed by attorneys and/or law firms under the same or similar circumstances.

35. Plaintiff further alleges that as a direct and proximate result of the Defendant Herbert C. Southern's breach of his ethical, professional and fiduciary duties the Plaintiff was deprived of effective assistance of counsel and thereby suffered emotional, physical and financial damages;

36. As a further direct and proximate result of Defendant Herbert C. Southern's breach of the ethical, professional and fiduciary duties, Plaintiff was unjustly convicted and wrongly imprisoned for a period over 4.5 years, thereby deprived of his liberty;

37. As a further direct and proximate result of said negligence and malpractice, Plaintiff suffered numerous injuries both economic and hedonic to include, among other damages:

    a. Demise of his marriage;

    b. Loss of companionship of his young child;

    c. Loss of freedom, liberty and enjoyment of life;

    d. Loss of lawful immigration status and the attendant expense and difficulties in regaining that status;

    e. Loss of his business and business opportunities;

    f. Loss of equipment, tools, machinery, vehicles;

    g. Specific financial losses including significant account receivables;

    h. Loss of goodwill and reputation;

    i. Deprivations suffered by 4.5 years of incarceration;

### FRAUD

38. Plaintiff incorporates by reference paragraphs 1 through 37 above and further alleges that Defendant Herbert C. Southern held himself out as a competent criminal defense attorney asserting to Plaintiff Marcio De Oliveira that he was:

    a. knowledgeable as to the elements comprising the offenses as charged in the indictment;

    b. knowledgeable of the type and quality of evidence required to sustain and defend these charges;

    c. Capable of analyzing the evidence to mount an effective defense;

39. Said fraudulent "holding out" as possessing the adequate level of ability in criminal defense matters commenced in April of 2009 and continued through at least September 03, 2013;

40. The existence of his fraud did not become actionable and apparent until June 22, 2014 whereupon his conduct was exposed through the completed 28 U.S.C. 2255 proceedings culminating in the vacation of Plaintiff's conviction and sentence;

    a. The record of proceedings [1] in pp. 3-6 indicate that on August 28, 2009 Defendant Herbert C. Southern wrongly articulated to the Plaintiff the element required to prove the offense to which Mr. De Oliveira pleaded guilty;

    b. Plaintiff relied on the articulation of the incorrect element by his attorney Defendant Herbert C. Southern and had no knowledge that his counseled guilty plea was predicated on ignorance of the law, i.e. on an incompetent incorrect articulation by his attorney;

    c. Defendant Herbert C. Southern attempted to cover up his ignorance of the law and his malpractice by advising the Plaintiff Marcio De Oliveira that the standard or element was a "knew or should have known standard" rather than the higher standard of "knew or acted in reckless disregard of the fact."

    d. By taking this action, Defendant Herbert C. Southern either actively misled or relied on the fact that the fraud would be self-concealing;

    e. Plaintiff relied to his detriment of the negligent and incompetent advice of counsel;

    f. Throughout the time that Plaintiff was serving the prison sentence Defendant Herbert C. Southern remained silent about his ignorance of the law, his incorrect advice to his client upon which the guilty plea was founded;

---

[1] OPINION AND ORDER, filed 06/24/2014, document 132, Case 5:09-cr-50035-TLB, United States District Court Western District of Arkansas, Fayetteville Division

    g. On or about September 03, 2013 Defendant Herbert C. Southern admitted under oath that he misadvised Plaintiff Marcio De Oliveira as to the knowledge element of the crimes back in August of 2009.

    h. Defendant Herbert C. Southern was in the position to have and to exercise influence over his client giving rise to the duty to disclose; this failure to disclose is the equivalent of fraudulent concealment;

## STATUTE OF LIMITATION, EQUITABLE ESTOPPEL

41. Plaintiff incorporates by reference paragraphs 1 through 40 above and further alleges that under Arkansas Law the operative statute of limitations for legal malpractice action is 3 years; Ark. Stat. 16-56-105;

42. The Arkansas 3 year Statute of Limitations should begin at the earliest on September 03, 2013 wherein Defendant Herbert C. Southern admitted under oath that he misadvised the Plaintiff Marcio De Oliveira and induced him to enter a guilty plea based on that misadvise;

43. In the alternative, should the date of actionable injury be deemed to commence on August 28, 2009 at the time of the guilty plea, Plaintiff asserts that said statute should be tolled based on this fraudulent concealment (when Defendant Herbert C. Southern actively misled ) under the principles enunciated in <u>Union National Bank of Little Rock v. Farmers Bank, Hamburg Arkansas</u>, 786 F. 2d 881 (8th Cir. 1986), which bars the Defendant Herbert C. Southern from asserting a statute of limitations defense under Equitable Estoppel;

## STATUTE OF LIMITATIONS, EQUITABLE TOLLING

44. Plaintiff incorporates by reference paragraphs 1 through 43 above and further alleges in the alternative that should the date of actionable injury be deemed to commence on August 28, 2009 then the Statute of Limitations should be equitably tolled to September 03, 2013 when Defendant Herbert C. Southern admitted under oath that he misadvised the Plaintiff Marcio De Oliveira and induced him to enter a guilty plea based on that misadvise;

45. Plaintiff diligently pursued and prosecuted a timely 28 U.S.C. 2255 Motion;

46. September 03, 2013 represents the earliest date that Plaintiff acquired the necessary information pursuant to diligent prosecution of said motion and thus the earliest date to bring this claim;

47. Plaintiff brings this claim within a reasonable time after obtaining the required information to prosecute a malpractice claim and therefore any statute of limitations should be Equitably Tolled;

## BREACH OF CONTRACT

48. Plaintiff incorporates by reference paragraphs 1 through 47 above and further alleges that he entered into a legal contract with Defendant Herbert C. Southern for provision of legal services, specifically a defense against the indictment referenced herein;

49. In the furtherance of the contract formation Plaintiff sought legal representation and Defendant Herbert C. Southern held himself out as an attorney capable of providing the requested services to Plaintiff;

50. In furtherance of that contract Defendant Herbert C. Southern demanded a retainer as consideration and said retainer was paid by good and sufficient legal tender in U. S. funds by Plaintiff;

51. In the assent to said contract and as evidence of the meeting of the minds of both parties to the contract, Defendant Herbert C. Southern entered his appearance as attorney for the Plaintiff in this Honorable Court;

52. Defendant Herbert C. Southern undertook the duty to provide Plaintiff with competent, reasonable and effective legal representation and advice as required by the applicable standard of care for attorneys acting under same or similar circumstances;

53. Defendant Herbert C. Southern breached said contract by failing to provide the competent, reasonable and effective legal services he agreed to;

54. Plaintiff has been damaged as referenced in this complaint and has suffered a pecuniary loss as a result of said breach of contract;

55. Plaintiff will prove the amount of damages as a result of said breach in trial;

56. Plaintiff re-alleges paragraphs 39 to 47 and asserts both Equitable Estoppel and Equitable Tolling as to any statute of limitations defense asserted.

## WHEREFORE PREMISES CONSIDERED

Plaintiff Marcio De Oliveira demands a jury trial and judgment against Defendant Herbert C. Southern and his law firm, separate and several, for each and every claim asserted herein in the sum of $700,000.00 or alternatively in the sum as proven at trial as compensatory damage; Plaintiff further demands separate special and punitive damages as the jury may assess after a full and fair consideration of the facts, plus interests and all costs associated with bringing this suit and any equitable relief to which he may be entitled.

Respectfully submitted

Milton A. DeJesus

Attorney At law
P. O. Box 22634
Little Rock, Arkansas 72221
BAR I.D. 82-052
501-779-3950
milton@insyes.com

## CERTIFICATE OF SERVICE

I, the undersigned do hereby certify that I served the foregoing Summons and Civil Complaint, Marcio A. De Oliveira vs. Herbert C. Southern, attorney at law, individually and as Herbert C. Southern Law Firm via the U. S. Federal Court filing system, EM/ECF and by U. S. Postal Service first class with sufficient mail to assure delivery on this 10th day of March, 2015.

_____
Milton A. DeJesus