IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARCIO A. DE OLIVEIRA                                                                PLAINTIFF

v.                                    Case No. 5:15-CV-05064

HERBERT C. SOUTHERN, Individually;
THE LAW FIRM OF HERBERT C.
SOUTHERN; and JOHN DOE                                                          DEFENDANTS

**OPINION AND ORDER**

Currently before the Court are a motion (Doc. 5) to dismiss and brief in support (Doc. 6) filed by Defendants Herbert C. Southern and The Law Firm of Herbert C. Southern[1] (collectively, "Southern"); De Oliveira's response (Doc. 12); and Southern's reply (Doc. 14) to the response, filed with leave of the Court. Various additional motions (Docs. 7, 9, 19, 21, 22) are also pending, and are resolved by this order. Because it is clear that the statute of limitations has run on De Oliveira's claims, the Court will grant Southern's motion to dismiss the complaint.

**I.    Background**

In ruling on a motion to dismiss, the Court must "'accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party.'" *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)). Under Federal Rule of Evidence 201, the Court can also exercise its discretion to take judicial notice of facts that are not subject to reasonable dispute because they are "either (1)

---

[1] Southern has filed a motion (Doc. 9) to substitute "The Southern Law Firm, P.L.L.C." for Defendant "The Law Firm of Herbert C. Southern." De Oliveira has not filed a response. The instant order moots Southern's motion to substitute. As set forth in this order, whatever the name of Southern's law firm, the limitations period appears to have run on De Oliveira's claims against it.

1

generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Am. Prairie Const. Co. v. Hoich*, 560 F.3d 780, 796–97 (8th Cir. 2009). Because the Court finds that the accuracy of the dates and docket entries listed on its own docket in De Oliveira's criminal case cannot reasonably be questioned, and because the entries are a matter of public record, the Court takes judicial notice of those dates and entries in reviewing De Oliveira's complaint.

On March 30, 2009, a criminal complaint was filed against De Oliveira in this district, case number 5:09-CR-50035, accusing him of violating 8 U.S.C. § 1324(a)(1)(A)(iii). De Oliveira retained Herbert Southern to "represent him in these criminal proceedings to provide criminal defense services" (Doc. 1, ¶ 9), and Southern appeared with De Oliveira at the latter's initial appearance on March 31, 2009. An indictment was returned on April 22, 2009, charging De Oliveira with four counts of harboring illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(iii), (a)(1)(A)(v)(II), and (a)(1)(B)(i). De Oliveira was arraigned on June 4, 2009. On August 28, 2009, a change of plea hearing took place, and relying on the advice of his counsel, De Oliveira pleaded guilty to Counts 1 and 2 of the indictment. In advising De Oliveira, Southern articulated the wrong legal elements of the crimes (specifically, De Oliveira alleges that Southern advised De Oliveira that the scienter element of the charged offenses was "knew or should have known," when in fact the element was "knew or acted in reckless disregard").

On January 27, 2010, Milton DeJesus (counsel for De Oliveira in the instant action) filed a motion to substitute himself for Southern as counsel for De Oliveira and a motion to withdraw the guilty plea. Simultaneously, Southern filed a motion to withdraw as counsel. The Court took these matters up at the sentencing hearing on February 1, 2010. DeJesus was granted leave to appear, De Oliveira's motion to withdraw his guilty plea was denied, and Southern was granted

leave to withdraw.  De Oliveira was sentenced to 51 months imprisonment on each count, with the terms to run concurrently.  De Oliveira appealed, the Court was reversed in part, and on remand De Oliveira was sentenced to 33 months.

On March 1, 2012, De Oliveira filed a motion to vacate under 28 U.S.C. § 2255 based on claims that Southern provided De Oliveira ineffective assistance of counsel, and on September 3, 4, and 6, 2013, a hearing was held on the motion before Magistrate Judge Erin L. Setser. Southern appeared at that hearing and gave testimony.  On March 20, 2014, Judge Setser filed a report and recommendations recommending that the motion to vacate be granted.  On June 24, 2014, the Court[2] adopted the report and recommendations and vacated De Oliveira's sentence. A jury trial was scheduled, De Oliveira was released on bond, and on July 23, 2014 the indictment was dismissed on the motion of the United States.

De Oliveira filed the instant complaint on March 10, 2015.  The complaint raises state law claims against Southern for legal malpractice, fraud, and breach of contract.  Specifically, the complaint alleges with respect to legal malpractice that Southern failed to adequately research the offense or prepare for trial; that he improperly advised De Oliveira of the essential elements of the indicted offenses; and that when De Oliveira pleaded guilty on Southern's advice, De Oliveira "was unjustly convicted and wrongly imprisoned for a period over 4.5 years."  (Doc. 1, ¶ 36).  With respect to fraud, the complaint alleges that Southern committed fraud by holding himself out to De Oliveira as a competent attorney even though Southern did not know the elements of the crime, and that De Oliveira relied on Southern's claimed competence and incorrect articulation of the elements of the indicted crime in deciding to plead guilty.  With respect to breach of contract, the complaint alleges that De Oliveira entered into a

---

[2] On March 13, 2014, the case was reassigned from Judge Jimm Larry Hendren to Judge Timothy L. Brooks.

contract[3] with Southern whereby Southern agreed to provide "legal services, specifically a defense against the indictment [in case number 5:09-CR-50035] referenced herein" (Doc. 1, ¶ 48), and that Southern breached the contract "by failing to provide the competent, reasonable and effective legal services he agreed to." (Doc. 1, ¶ 53). De Oliveira further alleges that Southern remained silent about his own incompetence after De Oliveira's conviction, and offers the legal conclusion that this silence amounts to fraudulent concealment. On May 26, 2015, Southern filed his motion to dismiss. Among other arguments, Southern's motion to dismiss raises the Arkansas statute of limitations as a bar to De Oliveira's claims. De Oliveira responds that Southern's fraudulent concealment tolls the statute of limitations.

## II. Analysis

In a diversity case, the Court applies the relevant state-law statute of limitations. *Guar. Trust Co. of N.Y. v. York*, 326 U.S. 99, 110 (1945). "[W]hen it appears from the face of the complaint itself that the limitation period has run, a limitations defense may be properly asserted through a 12(b)(6) motion to dismiss." *Wycoff v. Menke*, 773 F.2d 983, 984-985 (8th Cir. 1985) (internal quotation omitted). The statute of limitations for De Oliveira's legal malpractice and fraud claims is three years. Ark. Code Ann. § 16-56-105; *Moix-McNutt v. Brown*, 348 Ark. 518, 521 (Ark. 2002); *Chalmers v. Toyota Motor Sales, USA, Inc.*, 326 Ark. 895, 901 (Ark. 1996). The statute of limitations for De Oliveira's breach of contract claim is five years if the contract was written or executed under seal and three years otherwise. Ark. Code Ann. §§ 16-56-111, 16-56-105.

Arkansas uses the "occurrence rule" to calculate the statute of limitations in a legal malpractice action, and measures from the time the negligent act amounting to malpractice

---

[3] The complaint does not clarify whether the contract was oral or written.

occurs, rather than from the date of injury. *Moix-McNutt*, 348 Ark. at 522. The statute of limitations for a fraud action begins to run when the cause of action accrues, though the running of the statute is suspended "until the party having the cause of action discover[s] the fraud or should have discovered it by the exercise of reasonable diligence." *Dupree v. Twin City Bank*, 300 Ark. 188, 191–92 (Ark. 1989). The statute of limitations for a breach of contract action also begins running when the cause of action accrues. *Id.* at 191. "[A] cause of action accrues the moment the right to commence an action comes into existence." *Id.* (quotation omitted). Although fraudulent concealment can suspend the running of the statute of limitations, in order for that tolling to occur, the plaintiff must show something more than the original nondisclosure—"not only must there be fraud, but the fraud must be furtively planned and secretly executed so as to keep the fraud concealed." *Meadors v. Still*, 344 Ark. 307, 315–16 (Ark. 2001).

　　The negligent act (Southern's incorrect advice) that caused De Oliveira's cause of action for legal malpractice to accrue occurred on or before August 28, 2009—the date of the change of plea hearing. The limitations period for De Oliveira's legal malpractice claim therefore expired on August 28, 2012. Furthermore, Southern's representation of De Oliveira in the criminal matter appears to have terminated at the latest on February 1, 2010, when Southern was given leave to withdraw as De Oliveira's counsel in the criminal matter. Because De Oliveira's legal malpractice claim is entirely based on Southern's representation in the criminal matter, even under the most liberal construction the Court could give De Oliveira's claim the limitations period would have expired February 1, 2013.

　　De Oliveira's cause of action for fraud is based on Southern's alleged misrepresentation that he was competent and De Oliveira's August 28, 2009 reliance on that competence in

deciding to plead guilty to Counts 1 and 2 of the indictment. Because the running of the statute of limitations for an Arkansas fraud action is suspended until the fraud is discovered, or until it should have been discovered, then viewing the matter in the light most favorable to De Oliveira, the statute of limitations for his fraud action did not begin running until January 27, 2010 at the latest. It was at that time that De Oliveira moved to withdraw his guilty plea, in part on the basis that De Oliveira was at that time aware of Southern's incompetence. Motion to Withdraw Plea of Guilty, Case No. 5:09-CR-50035, Doc. 27, p. 4 (Jan. 27, 2010) ("Defendant asserts that his counsel, Herb C. Southern, was ineffective, was unaware of how to prepare for a trial of this magnitude and lacked knowledge of the details of the case and the law to properly defend De Oliveira. Defendant [De Oliveira] feels Herb Southern was grossly under qualified [sic] and was ineffective as legal counsel."). With respect to the cause of action for fraud, therefore, it is clear that the latest date the limitations period could have expired was January 27, 2013.

Turning to De Oliveira's breach of contract claim, the action or inaction by which Southern allegedly breached the contract occurred when he "fail[ed] to provide the competent, reasonable and effective legal services he agreed to." (Doc. 1, ¶ 53). Because De Oliveira alleges that the contract was one "for provision of legal services, *specifically a defense against the indictment referenced herein*" (Doc. 1, ¶ 48), the last possible date that breach could have occurred and the cause of action have accrued was the last date on which Southern appeared as De Oliveira's lawyer in that criminal matter—February 1, 2010. Granting De Oliveira the assumption that the contract was either written or executed under seal, the limitations period for the breach of contract claim expired at the latest on February 1, 2015.

The Court cannot agree with De Oliveira's fraudulent concealment argument, by which he seeks to toll the statute of limitations. De Oliveira has provided no legal authority that would

allow the Court to depart from the clear statement of Arkansas law that "[i]n order to toll the statute of limitations, . . . plaintiffs [are] required to show something more than a continuation of a prior nondisclosure." *Meadors*, 344 Ark. at 315 (quotation omitted). Accordingly, Southern's refusal to admit that he gave bad legal advice cannot support De Oliveira's claim of fraudulent concealment. And as the Court noted, De Oliveira claimed to be aware of Southern's incompetence in his January 27, 2010 motion to withdraw his guilty plea. Because that incompetence is at the heart of the allegations in the instant case, there simply cannot have been fraudulent concealment after that date.

Because the limitations period for all claims expired prior to the date this lawsuit was filed—March 10, 2015—it is apparent from the face of the complaint that the statute of limitations bars recovery, and dismissal under Rule 12(b)(6) is appropriate. Accordingly, Southern's motion to dismiss will be granted.

### III. The Doe Defendant and Remaining Motions

Because the Court is dismissing the complaint against Southern, and because the complaint contains no factual allegations of any kind directed against the John Doe defendant (or against anyone other than Southern), the John Doe defendant is irrelevant to the merits of De Oliveira's case. Therefore, the Court will dismiss the claims against the John Doe defendant. Fed. R. Civ. P. 12(b)(6); *Lee v. Airgas Mid-South, Inc.*, --F.3d--, 2015 WL 4286405 (8th Cir. July 16, 2015) (quoting *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) ("The complaint must allege facts, which, when taken as true, raise more than a speculative right to relief.")). It is unclear why Southern chose to file a separate motion to dismiss (Doc. 7) on behalf of the fictitious defendant, as he has not entered an appearance on behalf of that defendant. However, because the Court is dismissing the complaint against the John Doe

defendant, Southern's motion on behalf of John Doe is moot, and the Court need not address the merits of Southern's motion or Southern's standing to bring it. Because the Court is dismissing the case, the parties' discovery motions and Southern's motion to substitute a party are also moot and will be denied.

### IV.  Conclusion

IT IS THEREFORE ORDERED that Defendants' motion (Doc. 5) to dismiss is GRANTED and this case is DISMISSED WITHOUT PREJUDICE as barred by the running of the relevant statutes of limitation, and Plaintiff has failed to sufficiently plead facts to support equitable tolling.

IT IS FURTHER ORDERED that the John Doe motion (Doc. 7) to dismiss; the motion (Doc. 9) to substitute party; the motion (Doc. 19) for discovery; the motion (Doc. 21) for a protective order; and the motion (Doc. 22) for leave to file a reply brief are DENIED AS MOOT.

IT IS SO ORDERED this 13th day of August, 2015.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE